# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

**ANTONIO BRIGGS,**

        **Plaintiff,**

v.            Case 2:18-cv-02375-TLP-cgc

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

        **Defendant.**

### REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT FOR JUDICIAL REVIEW OF SOCIAL SECURITY DECISION

Plaintiff has filed this action to obtain judicial review of Defendant Commissioner's final decision denying his application for child disability benefits pursuant to Section 202(d) of the Social Security Act (the "Act"), 42 U.S.C. § 402(d). All pretrial proceedings in the instant case have been referred to the United States Magistrate Judge. (Docket Entry ("D.E.") #28).

Plaintiff is currently receiving Supplemental Security Income ("SSI") benefits pursuant to Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* (Administrative Record ("R.") at 21-24). Plaintiff was previously found to be eligible for child disability benefits. (R. at 14). Plaintiff reached the age of twenty-two for purposes of the Act on August 14, 1992. (R. at 14). Plaintiff's child disability benefits ceased in October 1996 due to medical improvement. (R. at 14). Plaintiff was married on January 6, 1997 and later divorced on June 18, 2012. (R. at 15, 88-90, 92).

2

This is not Plaintiff's first attempt to reestablish child disability benefits. (R. at 15, 31-37). Plaintiff's first claim to do so was denied at the reconsideration level on April 2, 2013; thus, he sought review by an Administrative Law Judge ("ALJ"). (R. at 15, 31-37). He subsequently chose to withdraw his request for hearing on April 17, 2014 and requested that his appeal be dismissed based upon the advice of his attorney. (R. at 15, 38, 41-42A). In accordance with the claimant's request for withdrawal of his request for review, the request for hearing was dismissed and the April 2, 2013 unfavorable determination remained in effect. (R. at 15, 25-28). Review by the Appeals Council was requested but ultimately denied. (R. at 15, 29-30).

On October 23, 2015, Plaintiff again sought to reestablish child disability benefits on the record of his father, Tommie Briggs, by requesting that the Commissioner reopen the April 2, 2013 unfavorable decision. (R. at 15-16, 94-97). The application was denied initially and upon reconsideration. (R. at 41, 43, 47). Plaintiff requested a hearing before an ALJ, which was held on October 31, 2017. (R. at 239). During the hearing, after being advised of his right to have counsel or a personal representative present and after being provided the opportunity to take further time to obtain counsel, Plaintiff waived his right to representation. (R. at 239, 248-49).

On November 20, 2017, the ALJ denied Plaintiff's second application to reestablish child disability benefits. (R. at 11-16). With respect to reopening an issue which had already been determined, the ALJ concluded as follows: (1) Plaintiff did not assert that new or material evidence was present, that a clerical error was made, that there was an error on the face of evidence used in the prior decision, or that one of the specific provisions for reopening a claim at any time was present (*see* 20 C.F.R. §§ 404.988-404.989); and, (2) Plaintiff's previous withdrawal of his claim based upon advice of counsel is not a basis for reopening his claim. (R. at 15).

3

The ALJ further set forth that Plaintiff was married "after his initial period of eligibility under these benefits." (R. at 15). Section 202(d)(1)(B), as clarified by Social Security Ruling ("SSR") 83-36a[1], provides that "a marriage that occurred after the cessation of benefits serves as a bar to reestablishing Child Disability Benefits on the same number holder's record." (Tr. at 15). The ALJ also considered Plaintiff claim that, due to mental illness, he was incompetent to enter into marriage. (R. at 15). The ALJ found that, pursuant to SSR 84-7c and POMS RS 00203.15, an assertion of incapacity is insufficient; instead, a marriage would have to be annulled or voided for a claimant to be eligible for child disability benefits. (R. at 15). Further, Plaintiff's basis for divorce did not reflect any concern as to his capacity but cited irreconcilable differences. (R. at 15). Thus, the ALJ determined that Plaintiff marriage was a bar to reestablishing child disability benefits on the record of his father. (R. at 15). On May 31, 2018, the Appeals Council denied Plaintiff's request for review. (R. at 5). Thus, the ALJ's decision became the Commissioner's final decision. Plaintiff then filed this action seeking judicial review. (D.E. #1).

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g); *Wyatt v. Secretary of Health & Human Services*, 974 F.2d 680, 683 (6th Cir.1992); *Cohen v. Secretary of Health & Human Services.*, 964 F.2d 524, 528 (6th Cir.1992), and whether the correct legal

---

[1] The full text of SSR 83-36a is available at *https://www.ssa.gov/OP_Home/rulings/oasi/09/SSR83-36-oasi-09.html*.

4

standards were applied. *Landsaw v. Secretary of Health & Human Servs.,* 803 F.2d 211, 213 (6th Cir.1986).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. *See Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Upon review, Plaintiff's "Motion for Responding to Brief" ("Appellant's Brief") (D.E. #23) does not challenge the ALJ's determinations under 20 C.F.R. §§ 404.988-404.989 or that his previous withdrawal of his claim based upon advice of counsel was not a basis for reopening his claim. Plaintiff also does not contest the Section 202(d) determination, but as it is the crux of the denial of his claim, the Court will nonetheless consider it.

Section 202(d) provides that every child of an individual entitled to old-age or disability benefits, or of an individual who dies a fully or currently insured individual, is entitled to child disability benefits if the child meets certain criteria. 42 U.S.C. § 404(d)(1). One such criterion is that, "at the time such application was filed," the claimant was "unmarried." *Id*. § 404(d)(1)(B). Social Security Rule 83-36a further clarified that the claimant must not only be unmarried at the time the application was filed but also that "marriage bars re-entitlement to child's insurance benefits" regardless of whether the person is married on the date of application. Here, Plaintiff married on January 6, 1997. Plaintiff filed this claim on October 23, 2015, at which time he was no longer eligible for child insurance benefits on his father's record due to his marriage.

5

Even so, Plaintiff raises four arguments in his Appellant Brief. First, Plaintiff claims that his mother received a letter while he was incarcerated informing them that he would be eligible for child disability benefits upon release. This letter is not part of the administrative record and, even if it were, Section 202(d) governs the eligibility for child disability benefits. As already stated, it is recommended that he is not eligible for such benefits due to his previous marriage.

Second, Plaintiff asserts that he was discriminated against when attorneys declined to represent him. There are no discrimination allegations contained in the causes of action that are before the Court. Further, the ALJ clearly advised Plaintiff that he had the right to obtain counsel or a personal representative. The ALJ offered Plaintiff additional time to do so. Plaintiff, however, elected to represent himself at the hearing. Even as he did so, the duty fell upon the ALJ to ensure a fully developed record for an unrepresented claimant. *See Kidd v. Comm'r of Soc. Sec.*, 283 Fed. App'x 336, 344 (6th Cir. 2008) (quoting *Lashley v. Sec'y of Health & Human Srvs.*, 708 F.2d 1048, 1051 (6t Cir. 1993)). Plaintiff has not alleged that the ALJ failed to do so, and a review of the record and the ALJ's comprehensive consideration of his claim shows that he did not.

Third, Plaintiff seeks that the Court obtain medical records from his primary care physician, Dr. Bharathi Rangaswami, to shed light on his diagnosis of schizophrenia and his smoking cessation efforts. Extensive records from Dr. Rangaswami are contained in the record (R. at 156-234); however, the effects of Plaintiff's disability are not part of the judicial review, as Plaintiff continues to receive SSI payments. The only issue here is whether he meets the eligibility criteria to earn additional childhood disability benefits on his father's record. It has already been

6

recommended that he does not, and Section 202(d), not Dr. Rangaswami's medical records, govern that determination.[2]

Finally, Plaintiff claims that two letters that were "sent down to the Appeal's Company" in Falls, Virginia were also not part of his "file." Like the letter Plaintiff claims to have received while incarcerated, these letters also do not change the requirements of Section 202(d) that Plaintiff may not have been married and continue to obtain child disability benefits on his father's record. Accordingly, it is RECOMMENDED that the decision of the Commissioner be AFFIRMED and that judgment be entered.

**SIGNED** this 8th day of January, 2020.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[2] Although Plaintiff's disability status was not at issue before the ALJ, the ALJ "considered the claimant's mental disability" and was "sympathetic to the claimant's argument[s]" in evaluating his claim. (*See* R. at 15).