# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ANTONIO ANDRE BRIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:18-cv-02375-TLP-cgc |
| v. | ) |
| | ) |
| COMMISSIONER OF SSA NANCY A. BERRYHILL, | ) |
| | ) |
| Defendant. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Antonio Andre Briggs appeals the final decision of Defendant Nancy A. Berryhill, the former acting Commissioner of the Social Security Administration ("Commissioner"), denying his application for child insurance benefits. (ECF No. 1.)

The Court referred the matter to the Magistrate Judge. (ECF No. 28.) The Magistrate Judge entered a Report and Recommendation ("R&R") recommending that the Court affirm the Commissioner's final decision. (ECF No. 34.) For the reasons below, the Court **ADOPTS** the R&R in full and **AFFIRMS** the Commissioner's decision.

**I.     Analysis**

The Magistrate Judge made a central finding to support her recommendation. She found that the Administrative Law Judge ("ALJ") correctly relied on Plaintiff's prior marriage to deny his application for child insurance benefits.

Relying on the administrative record underpinning the Commissioner's decision, the Magistrate Judge found that "Plaintiff married on January 6, 1997." (*Id.* at PageID 173.) And

because "Plaintiff filed this claim on October 23, 2015"—some 18 years after his marriage—"he was no longer eligible for child insurance benefits on his father's record." (*Id.*)

Under the Social Security Act, a child "of an individual entitled to old-age or disability insurance benefits" is entitled to child insurance benefits "if such child . . . at the time such application was filed *was unmarried*." 42 U.S.C.A. § 402(d)(1)(B) (emphasis added). Clarifying this provision, the Magistrate Judge noted that a claimant "must not only be unmarried at the time the application was filed," but also that marriage precludes re-entitlement to child's disability benefits no matter if the person is married or unmarried when they apply. (ECF No. 34 at PageID 173) (citing Social Security Rule 83-36(a)).

Under these rules, the Magistrate Judge found, as did the ALJ, that Plaintiff's 1997 marriage rendered him ineligible for child insurance benefits. (*Id.* at PageID 175.) And she found that none of the arguments that Plaintiff put forth in defense of his appeal would undermine this finding.[1] (*Id.*) As the Magistrate Judge accurately noted, nothing in Plaintiff's arguments changes "the requirements of [42 U.S.C.A. § 402(d)(1)(B)] that Plaintiff may not have married and continue to obtain child disability benefits on his father's record." (*Id.*)

## II. Disposition

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to

---

[1] The Magistrate Judge summarized Plaintiff's four arguments in defense of his appeal. (ECF No. 34 at PageID 174–75). First, Plaintiff argued "that his mother received a letter while he was incarcerated informing them that he would be eligible for child disability benefits upon release." (ECF No. 34 at PageID 174.) Second, Plaintiff argued "that he was discriminated against when attorneys declined to represent him." (*Id.*) Third, Plaintiff requested "that the Court obtain medical records from his primary care physician . . . to shed light on his diagnosis of schizophrenia and his smoking cessation efforts." (*Id.*) Finally, Plaintiff claimed "that two letters that were 'sent down to the Appeal's Company' in Falls, Virginia were also not part of his 'file.'" (*Id.* at PageID 175.)

the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Neither party objected to the R&R, and the time for filing objections has expired. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Plaintiff did not file any objections to the Magistrate Judge's R&R. Having reviewed the R&R and the record here, the Court finds no clear error and **ADOPTS** the R&R in its entirety. Thus, the Court **AFFIRMS** the Commissioner's decision.

**SO ORDERED**, this 5th day of February, 2020.

                                               s/Thomas L. Parker  
                                               THOMAS L. PARKER  
                                               UNITED STATES DISTRICT JUDGE